# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| DAVID M. WILDEN,<br><br>Petitioner,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Respondent. | Case No. CV 10-212-S-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Now pending before the Court is Petitioner David M. Wilden's Petition for Review (Dkt. 1), filed April 19, 2010, seeking review of the Social Security Administration's final decision to terminate his disability benefits. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I.  ADMINISTRATIVE PROCEEDINGS

In a decision dated November 21, 2002, the Commissioner of Social Security ("Commissioner") awarded Petitioner, David M. Wilden, Disability Insurance Benefits under Title II of the Social Security Act ("Act") with a disability onset date of September 1, 2002. (AR 16). On May 15, 2007, Petitioner was advised that his benefits were being terminated based on a finding of medical improvement. (AR 91).

Petitioner filed a request for reconsideration on June 4, 2007 (AR 87), but the decision was affirmed on March 26, 2008 (AR 67). Petitioner then requested a hearing before an

**MEMORANDUM DECISION AND ORDER - 1**

Administrative Law Judge ("ALJ") (AR 64) and a hearing was held on June 15, 2009 (AR 16). Petitioner, who was represented by counsel, testified at the hearing along with a medical expert and vocational expert. (AR 364-408).

On October 30, 2009, the ALJ denied Petitioner's appeal. (AR 14). The Appeals Council then denied review on January 14, 2010 (AR 5) rendering the ALJ's decision the Commissioner's final decision. Plaintiff now seeks judicial review of the Commissioner's decision to terminate his benefits based on a finding of medical improvement. Petitioner contends that the finding of medical improvement is not supported by substantial evidence and that the ALJ rejected significant probative evidence without explanation.

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975);

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. DISCUSSION

**A.    Sequential Process**

A claimant's disability benefits may be terminated only if substantial evidence demonstrates that there has been medical improvement in the individual's impairment and the

**MEMORANDUM DECISION AND ORDER - 3**

individual is now able to engage in substantial gainful activity. 42 U.S.C. § 423(f). To determine if a claimant continues to be disabled within the meaning of the Act, the ALJ must follow an eight-step sequential process. *See* 20 C.F.R. § 404.1594.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). *See* 20 C.F.R. § 404.1594(f)(1). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ concluded that Petitioner has not engaged in SGA after his alleged onset date. (AR 18).

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, which meets or equals the severity of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1594(f)(2). If the answer is yes, the claimant's disability will be found to continue. 20 C.F.R. § 404.1594(f)(2). Here, the ALJ concluded that the claimant did not have an impairment or combination of impairments which met or medically equaled the severity of a listed impairment and the analysis proceeded to step three. (AR 18).

At the third step, the ALJ must determine whether there has been medical improvement. *See* 20 C.F.R. § 404.1594(f)(3). Medical improvement is "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). The ALJ determined that medical improvement occurred as of May 1, 2007. (AR 18).

If there has been medical improvement, the ALJ must determine whether the medical improvement is related to the claimant's ability to do work. *See* 20 C.F.R. § 404.1594(f)(4).

**MEMORANDUM DECISION AND ORDER - 4**

Medical improvement relates to the ability to work if there has been a decrease in severity of impairment(s) and an increase in functional capacity to do basic work activities. 20 C.F.R. § 404.1594(b)(3). At step four, the ALJ found that the claimant's medical improvement was related to his ability to do work because it resulted in an increase in his residual functional capacity. (AR 21). Specifically, the ALJ found that the claimant had the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c) except he can occasionally stoop, kneel, crouch, crawl, climb ladders and stairs, and balance. (AR 19). The ALJ also found that work tasks must be simple, routine, and repetitive. (AR 19). As medical improvement was found at step four, step five was omitted.[1]

At the sixth step, the ALJ must determine whether the claimant's current impairments in combination are severe. *See* 20 C.F.R. §§ 404.1594(f)(6), 404.1521. This determination will consider all the claimant's current impairments and the impact of the combination of those impairments on the claimant's ability to function. Here, the ALJ found that the claimant's impairments, left anterior cruciate ligament derangement and below average intellectual functioning,[2] were severe. (AR 18, 21).

At the seventh step, the ALJ must determine the claimant's ability to perform substantial gainful activity in accordance with § 404.1560. *See* 20 C.F.R. § 404.1594(f)(7). This determination requires an assessment of: (1) the claimant's residual functional capacity based on all current impairments and (2) whether claimant can still do past relevant work. If the claimant

---

[1] Step five determines if an exception to medical improvement applies. *See* 20 C.F.R. § 404.1594(f)(5).

[2] These were Petitioner's impairments at the onset of disability date, September 1, 2002.

**MEMORANDUM DECISION AND ORDER - 5**

can perform past relevant work, disability will be found to have ended.  Here, the ALJ found that the claimant was unable to perform his past relevant work as a carpenter and construction worker.  (AR 21).

At the eighth step, the ALJ will consider whether the claimant can perform any other available work.  *See* 20 C.F.R. § 404.1594(f)(8).  Again, this determination is based on the claimant's residual functional capacity, as well as the claimant's age, education and past work experience.  If the claimant can find other work, then disability will be found to have ended.  If not, disability will be found to continue.  At this final step, the ALJ found the claimant was not disabled because he could perform a significant number of jobs in the national economy.  (AR 22).

**B.     Analysis**

Once an applicant for Social Security disability benefits has carried his burden of proving disability, a "presumption of continuing disability arises in her favor." *Bellamy v. Sec'y of Health & Human Servs.*, 755 F.2d 1380, 1381 (9th Cir. 1985) (citing *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983)).  The Commissioner bears the burden of establishing that a claimant has experienced medical improvement that would allow him to engage in substantial gainful activity.  *Murray*, 722 F.2d at 500.

Petitioner contends that the ALJ's finding that he is no longer disabled is not supported by substantial evidence and that the ALJ failed to consider relevant evidence in the record, specifically evidence of his back impairment and also improperly discredited the opinion of chiropractor Rusty Arrington.

1. Evidence and Severity of Back Impairment

In his decision, the ALJ stated that the "medical evidence establishes the claimant did not develop any additional impairments after [the date of his initial disability determination] through May 1, 2007." (AR 18). The ALJ further noted: "Spinal imaging studies were taken in January 2009 which revealed minimal lumber degenerative disc disease at L5-S1, but this impairment is found to be non-severe because no work related limitations have resulted. This will be discussed in detail below." *Id*.

The ALJ noted that the two consultative examiners, Dr. Abeyta[3] and Dr. Sant, found that Petitioner had no deficits in his back, demonstrated normal ranges of motion and complaints of pain were not supported by objective findings. The ALJ did not discuss in further detail his finding that Petitioner's back impairment is not severe. The severity requirement is a *de minimis* screening device used to dispose of groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." *Id*. (citing SSR 85-28); *see Yuckert v. Bowen*, 841 F.2d 303, 306 (adopting SSR 85-28). The ALJ must consider the combined effects of all the claimant's impairments on his ability to function, regardless of whether each alone is sufficiently severe. *Smolen*, 80 F.3d at 1290. An ALJ may find a claimant lacks a medically severe impairment or

---

[3] The ALJ mistakenly refers to the examination performed by Dr. Abeyta as being performed by "Dr. Cecelia Wong, consultative orthopedic examiner." (AR 18-19). Cecelia Wong prepared a Social Security case review that incorporated Dr. Abeyta's findings. (AR 285-289). Although Petitioner argues that this mistake is illustrative of a general lack of attention to the important issues of the case by the ALJ, the Court believes it is simply a clerical misattribution.

**MEMORANDUM DECISION AND ORDER - 7**

combination of impairments only when his conclusion is clearly established by medical evidence. SSR 85-28.

There is evidence in the record of Petitioner's back impairment, but no direct discussion of the same by the ALJ. Petitioner was seen by several medical providers who addressed his complaints of back pain. Stephen Williams, PA-C, saw Petitioner on two occasions in 2008 and described Petitioner's condition as low back pain with radiculopathy and prescribed Vicodin and Celebrex. (AR 298-299). Dr. Jensen also examined Petitioner in 2008 and founds that x-rays indicated mild cervical and lumbar degenerative changes. (AR 336). Dr. Jensen noted that Petitioner had reduced cervical and lumbar ranges of motion. (AR 337). Petitioner's complaints of back pain go back to 2003 when he was seen by Dr. MacFarlane in California. (AR 240).

The ALJ does not address these medical records in evaluating the severity of Petitioner's back impairment. Although these medical providers did not set forth opinions on how Petitioner's back impairment affected his ability to do basic work activities, these medical records directly contradict the findings of the consultative examiners and deserve due consideration by the ALJ. Instead, the ALJ appears to rely solely on the consultative examinations that support his finding of medical improvement. For example, the ALJ references the finding in Dr. Sant's report that Petitioner only took over-the-counter aspirin for pain, without discussion of the evidence that Petitioner was prescribed Vicodin and Celebrex for pain. (AR 20, 298-99). It was also noted in Dr. Jensen's records that Petitioner took aspirin *and* Vicodin for pain. (AR 336). During the hearing, Petitioner stated essentially that he was self-medicating with alcohol for those problems, because he no longer had insurance benefits that would pay for the pain medication, but this was also not addressed by the ALJ.

**MEMORANDUM DECISION AND ORDER - 8**

The ALJ must consider all relevant evidence in the record and cannot pick and choose evidence that supports his conclusion. *See Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (ALJ cannot reach a conclusion first and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result). *See also Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004); *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984). A reviewing court must consider both evidence that supports, and evidence that detracts from, the examiner's conclusion. *Gallant*, 753 F.2d at 1455. The ALJ has failed to address portions of the record that support Petitioner's allegation of a back impairment. The ALJ must consider all of Petitioner's impairments on his ability to function. Accordingly, this matter should be remanded for further proceedings to consider the evidence of Plaintiff's back impairment and to reevaluate the severity of his impairments.[4]

2. Chiropractor's Opinion

Petitioner contends that the opinion of his chiropractor, Rusty Arrington, was improperly discredited. Dr. Arrington treated Petitioner on six occasions between November 7, 2008 and December 4, 2008 for moderate pain in his right thoracic spine, rib cage and shoulder. (AR 316-330).

With respect to Dr. Arrington's opinion, the ALJ stated: "This opinion is given some

---

[4] Petitioner also makes brief mention of a tic that was noted by Dr. Jensen (AR 337) and contends it should have been included in the hypothetical posed to the vocational expert. *See* Pet.'s Opening Brief at 6 (Dkt. 18). The Court notes that at step seven, the claimant's residual functional capacity must be assessed based on the current impairments. *See* 20 C.F.R. § 404.1594(f)(7). However, it is "proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). As there is not substantial evidence of the tic in the record, it was properly excluded by the ALJ.

**MEMORANDUM DECISION AND ORDER - 9**

weight in that Mr. Arrington clearly thought the claimant's upper extremities were able to lift and carry up to 50 pounds -- medium work under our rules. However, the limitation to only two hours of standing and one hour of walking is given no weight due to the numerous references from the consultative examiners regarding claimant's normal gait." (AR 21). The ALJ then concluded that because Dr. Arrington is a non-acceptable medical source and the consultative examiners are physicians, his opinion is entitled to less weight. (AR 21).

Under the Social Security regulations, chiropractors fall into the category of "other sources who are not acceptable medical sources." 20 C.F.R. § 404.1513(d). While opinions from these sources are not acceptable sources for evidence of an impairment, the regulations permit a claimant to submit information from chiropractors, and others sources that are "not acceptable medical sources" to help the ALJ to determine the severity of an impairment and "understand how [the claimant's] impairment affects [the claimant's] ability to work." *See* 20 C.F.R. §§ 404.1513(d), (e). The ALJ may reject other source testimony by furnishing reasons germane to that particular witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Social Security Ruling 06-03p states: "The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source.'" SSR 06-03p, *available at* 2006 WL 2329939. However, this ruling also recognizes that depending on the particular facts in a case, an "opinion from a medical source who is not an 'acceptable medical source' *may outweigh* the opinion of an 'acceptable medical source' . . ." *Id*. (emphasis added). The ALJ cannot give less weight to the opinion of Dr. Arrington solely because he is not an acceptable medical source under the regulations. The ALJ must provide germane reasons when

rejecting his opinion.

Further, the fact that the ALJ finds Dr. Arrington's opinion persuasive in one regard (lifting ability) but not another (standing and walking limitation) is an inconsistency which suggests that the ALJ has, in fact, "picked and chose" from the evidence to support his conclusion. *See, e.g., Gallant*, 753 F.2d at 1455-56 (9th Cir. 1984) (discussing impropriety of isolating a specific quantum of supporting evidence). *See also Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability"); *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[T]he Secretary's attempt to use only the portions [of a report] favorable to her position, while ignoring other parts, is improper.").

Here, Dr. Arrington saw Petitioner on six occasions in a four-week time period. He examined and treated Petitioner. Dr. Arrington provided explanations for the limitations he assessed. These are all factors to consider when affording weight to an opinion. *See* SSR 06-03p. It is improper for the ALJ to give weight to a portion of Dr. Arrington's opinion that supports his finding of non-disability and disregard other parts of the opinion that do not support his conclusion. The consultative examiners each examined Petitioner on only one occasion. Yet, the ALJ gave their opinions more weight than Dr. Arrington who treated Petitioner several times. The ALJ's decision must be based on all the evidence in the record, he cannot rely only on the evidence that supports his conclusion and must properly disregard opinions and evidence not relied on.

## IV. CONCLUSION

The ALJ is the fact-finder and is solely responsible for weighing and drawing inferences

from facts and determining credibility. *Allen*, 749 F.2d at 579; *Vincent ex. rel. Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, a reviewing court may not substitute its interpretation for that of the ALJ. *Key*, 754 F.2d at 1549.

However, the ALJ did not properly consider all the evidence of Petitioner's alleged back impairment and its impact on the severity finding at step six. Because of the ALJ's silent disregard of the treatment records, specifically of Dr. Jensen and Mr. Williams, PA-C, and because of the significance of such evidence, the Court cannot find substantial evidence to support the ALJ's decision on this record. Further, the ALJ improperly disregarded portions of Dr. Arrington's opinion while accepting those portions that were consistent with his finding of non-disability. The fact that Dr. Arrington is a non-acceptable medical source is not a sufficient reason to reject his opinion. Even the regulations recognize that other sources may be given more weight than medical sources under certain circumstances.

This is not to say that this Court conclusively finds that Petitioner continued to be disabled. Relatedly, it is not for this Court to resolve the question of whether Petitioner's back impairment was severe when considering all the relevant medical evidence and how Dr. Arrington's opinion may factor into the ALJ's determination. Rather, the Court is tasked with reviewing the basis of the ALJ's decision, highlighting those areas that may call into question the decisions reached by the ALJ, and, in doing so, should not be misunderstood as substituting its own judgment for that of the ALJ's.

The Court finds the cumulative nature of the ALJ's decision does not afford the Court confidence that the ALJ fairly considered all the evidence in the record, at least how it is

**MEMORANDUM DECISION AND ORDER - 12**

reflected in the decision. The ALJ must fairly apprise the Petitioner of why his benefits are being terminated.

This action is therefore remanded to allow the ALJ to revisit the medical records, specifically of Petitioner's alleged back impairment and to reevaluate the opinion of Dr. Arrington.

## V. ORDER

Based on the foregoing, Petitioner's request for review (Dkt. 1) is hereby GRANTED. This matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Decision and Order. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

DATED: **September 26, 2011**

Honorable Ronald E. Bush
U. S. Magistrate Judge